IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Maureen Faulkenberry, | ) | C/A No.: 0:16-2071-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SPECIAL INTERROGATORIES ON |
| | ) | JURISDICTIONAL FACTS |
| Hardee's Restaurants, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter was removed to this court based on the assertion of diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1]. Jurisdiction under this section exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. The amount in controversy requirement is tested at the time of removal. The United States Court of Appeals for the Fourth Circuit has not set forth a rule concerning the burden of proof on the removing party in regard to establishing the amount in controversy. *See, e.g.*, *Rota v. Consolidation Coal Co.*, 1999 WL 183873, at *5 (4th Cir. Apr. 5, 1999) (expressly declining to adopt a particular standard of proof for determining the amount in controversy). When plaintiff has alleged an indeterminate amount of damages, courts may consider plaintiff's claims, as alleged in the complaint, and other relevant materials in the record. *Meadows v. Nationwide Mut. Ins. Co.*, 1:14-CV-04531-JMC, 2015 WL 3490062, at *2 (D.S.C. June 3, 2015). Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction. *Id.* Limitations on damages after removal do not affect

jurisdiction; however, clarifications of the amount sought at the time of removal may result in remand. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may be subject to post-removal clarification).

In the present case, the amount sought is unclear. Plaintiff is, therefore, directed to respond to the following inquiry clarifying the maximum extent of damages which she intended to pursue *at the time this case was removed* and, if the amount does not exceed $75,000, whether Plaintiff concedes that she does not intend to seek more at a later time. If Plaintiff did not intend to pursue damages adequate to satisfy the jurisdictional threshold at the time of filing and if she stipulates to such limitation having a binding effect, and if there is no federal question at issue, the undersigned will recommend to the presiding District Judge that this matter be remanded to state court.

INTERROGATORIES TO PLAINTIFF:

1. At the time this matter was initially filed in state court, was it Plaintiff's intent to pursue monetary damages in excess of $75,000?

2. Is Plaintiff willing to stipulate that this statement limits the damages exclusive of interests and costs, which she will pursue in this action?

Plaintiff is directed to file her responses to these interrogatories by July 6, 2016.

IT IS SO ORDERED.

*Shiva V. Hodges*

June 22, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

2